UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BETH FINKELMAN,

                                Plaintiff,

        -against-

PXI HOSPITALITY GROUP INC. d/b/a THE COVE
and CYP REALTY CORP.,

                               Defendants.
------------------------------------------------------------------------x

**Case No. _____**

**COMPLAINT**

Plaintiff Beth Finkelman (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy. P.C., as and for the Complaint in this action against defendants, PXI Hospitality Group Inc. d/b/a The Cove and CYP Realty Corp. (together referred to as "defendants"), hereby alleges as follows:

**NATURE OF THE CLAIMS**

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination by the defendants. In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Executive Law (the "Executive Law"), and § 296, New York State Civil Rights Law, § 40. As explained more fully below, defendants own, lease, lease to, operate and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

1

2. These defendants made a decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for defendants to accept responsibility. This action seeks to right that wrong by making defendants' place of public accommodation fully accessible and permit her admission to the Premises accompanied by Plaintiff's service animal so that she can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, plaintiff has been and remains a resident of the State of New York, County of Nassau.

6. At all times relevant to this action, plaintiff has Anxiety, which substantially limit her daily functioning and major life activities, including but not limited to, eating, drinking, socialization, remaining alert in the present moment, driving, and sleeping. As such, plaintiff is and has been a person with a disability within the meaning of the Americans with

Disabilities Act ("ADA") and New York law.

7. At all relevant times, the defendants operate and/or lease property located at or about 74 Shore Road #3427, Glen Cove, New York 11542 (hereinafter referred to as the "Premises").

8. Each defendant is licensed to and/ or does business in New York State.

9. At all relevant times, the defendants operate a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) and the Executive Law (§ 292(9)).

11. The Premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) and the Executive Law (§ 292(9) as it is a facility operated by a private entity and its operations affect commerce.

12. Plaintiff has been diagnosed with Anxiety. Plaintiff's diagnosed disabilities impact her essential functioning in everyday life.

13. At all ties relevant, plaintiff relied on a service animal to assist her with daily functional limitations.

14. Plaintiff has had the service dog, Bailey, since approximately 2021, and since that time Plaintiff has individually trained her service dog to work and perform tasks that are directly related to ger disabilities.

15. Specifically, Bailey has been trained to alert Plaintiff of oncoming panic attacks so she can take preventative measures.

16. Within the past three years of filing this action, plaintiff attempted to and desired to access the Premises.

17. Specifically, on or about July 3. 2022, plaintiff attempted to and desired to access the Premises but was denied access by The Cove.

18. At the time of her reservation the employees, personnel, decision-makers, or other agents of The Cove did not inquire what work or tasks Plaintiff's service dog was trained to perform to assist her.

19. Instead, The Cove turned Plaintiff and her party away ansd refused to serve them after determining that Plaintiff's disabilities were insufficient to warrant a service animal.

20. Plaintiff is informed, believes, and based thereon alleges that The Cove has in place and operates The Cove in accordance with policies or practices that discriminatorily restrict admission of individuals with disabilities with bona fide service animals. Such policies and practices have been in place at all relevant times and are ongoing.

21. Defendants have denied plaintiff the opportunity to participate in or benefit from services or accommodations because of a disability.

22. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

23. Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The policies and practices within defendants' place of public accommodation continue to exist and deter plaintiff.

24. Plaintiff frequently travels to the area where defendants' place of public

accommodation is located.

25.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it reforms its policies and practices.

## FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

26.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

27.     Plaintiff is substantially limited in the life activity due to anxiety and thus has a disability within the meaning of the ADA. As a direct and proximate result of plaintiff's disability, plaintiff uses a service dog.

28.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

29.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

30.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled. Defendants' policies and practices have disparately impacted plaintiff as well.

31.     By failing to comply with the law, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

32.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C.

§12182(b)(1)(A) and 28 C.F.R. § 36.203.

33. Defendants failed to make all readily achievable accommodations and in violation of 28 C.F.R. § 36.304. It would be readily achievable to make defendants' place of public accommodation fully accessible to persons with service animals.

34. By failing to remove the policies and practices to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

35. Defendants' failure to change their policies and practices constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

36. Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining discriminatory policies and practices.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

37. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

38. Plaintiff suffers from anxiety that prevent the exercise of normal life activities. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

39. Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled and uses a service animal.

40. Defendants discriminated against plaintiff in violation of New York State

Executive Law § 296(2), by maintaining discriminatory policies and practices relating to service animals. Each of the defendants have aided and abetted others in committing disability discrimination.

41. Defendants have failed to make all readily achievable accommodations and modifications to change their policies and practices in violation of Executive Law §296(2)(c)(iii).

42. It would be readily achievable to make defendants' place of public accommodation fully accessible.

43. It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

44. As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

45. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

46. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

47. Defendants discriminated against plaintiff pursuant to New York State Executive Law.

48. Consequently, plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

### INJUNCTIVE RELIEF

49. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants modify their place of public accommodation and their operations, policies, practices and procedures.

50. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

51. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the AD and Executive Law.

### DECLARATORY RELIEF

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

### ATTORNEY'S FEES, EXPENSES AND COSTS

53. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

    i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations and Executive Law and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA and the Executive Law, including but not limited to the violations set forth above;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

vi. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: August 26, 2022

    Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd. Suite 404
Manhasset, NY 11030

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com